UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICOL ARBORE,

    Plaintiff,

v.                                      Case No.:  6:22-cv-775-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Nicol Arbore requests a fee and cost award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (Doc. 28.)[1] The Commissioner does not object to the relief sought. The Court now grants the motion.

Earlier in this case, the Court entered an order (Doc. 26) reversing and remanding this action to the Commissioner for further administrative proceedings. Thus, under EAJA, Plaintiff moves for an award of $5,184 in attorney's fees.

For Plaintiff to receive a fee and cost award under EAJA, these five conditions must be met: (1) she must file a timely application for attorney's fees; (2) her net worth must have been less than $2 million dollars when the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

complaint was filed; (3) she must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Considering the motion, and with no opposition, the Court finds all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method—the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption of reasonableness. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). After review of the services provided, the Court finds the hours expended by attorney Bradley K. Boyd reasonable. (Doc. 28-1.)

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determining the appropriate hourly rate is a two-step process. The Court first ascertains the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to

2

rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests an hourly rate of $216. (Doc. 28 at 4, Doc. 28-3). After review, this rate appears reasonable.

Plaintiff also filed a an "Affidavit and Assignment of EAJA Fee." (Doc. 28-4.) It provides: "I acknowledge that any fee I may receive under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412[,] compensates my attorney for representing me before the United States District Court." (Doc. 28-4 at 1.) But it is acknowledged that after awarding EAJA fees, the Commissioner will determine whether Plaintiff owes a federal debt to the Government. If no debt is owed, the Government will accept Plaintiff's assignment of EAJA fees, and the fees will be paid directly to counsel. (*Id.*) Thus, the fees awarded should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

It is **ORDERED**:

Plaintiff's Unopposed Petition for EAJA Fees (Doc. 28) is **GRANTED** and the Court awards Plaintiff $5,184 in attorney's fees. This award will be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

**ENTERED** in Fort Myers, Florida on April 3, 2023.

                                                                   Kyle C. Dudek
                                                                   United States Magistrate Judge

Copies:  All Parties of Record